The Honorable Brian D. Lynch
Adversary

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Bankruptcy Case No. 11-41010 BDL |
| CDC PROPERTIES I, LLC, | |
| Debtor. | |
| MLMT 2005-MCP1 WASHINGTON OFFICE PROPERTIES, LLC, a Washington limited liability company, | Adversary Case No. |
| Plaintiff, | COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AVOIDANCE OF FRAUDULENT TRANSFERS, AND BREACH OF CONTRACT |
| -vs- | |
| CDC PROPERTIES I, LLC, a Washington limited liability company; OLYMPIA OFFICE LLC, a New York limited liability company; WA PORTFOLIO LLC, a Delaware limited liability company; MARINERS PORTFOLIO LLC, a Virginia limited liability company; and SEAHAWK PORTFOLIO LLC, a Florida limited liability company, | |
| Defendants. | |

Plaintiff MLMT 2005-MCP1 WASHINGTON OFFICE PROPERTIES, LLC ("Noteholder") alleges:

**PARTIES**

1. CDC PROPERTIES I, LLC ("Debtor") is the debtor in Bankruptcy Case No. 11-41010-BDL pending before this Court (the "CDC Bankruptcy"), and a defendant in this adversary proceeding.

COMPLAINT -1-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

SMRH:4858124481.4

2. Plaintiff Noteholder is a Washington limited liability company, and a creditor in the CDC Bankruptcy and the Olympia Bankruptcies (defined below).

3. Defendant OLYMPIA OFFICE LLC ("Olympia") is a New York limited liability company, and a chapter 11 debtor before this Court in Case No. 17-44721-BDL.

4. Defendant WA PORTFOLIO LLC ("WA") is a Delaware limited liability company, and a chapter 11 debtor before this Court in Case No. 17-44722-BDL.

5. Defendant MARINERS PORTFOLIO LLC ("Mariners") is a Virginia limited liability company, and a chapter 11 debtor before this Court in Case No. 17-44723-BDL.

6. Defendant SEAHAWK PORTFOLIO LLC ("Seahawk", and collectively with Olympia, WA and Mariners, the "Olympia Entities") is a Florida limited liability, and a chapter 11 debtor in Case No. 17-44724-BDL. The Olympia Entities' bankruptcy cases (the "Pending Olympia Bankruptcies") are being jointly administered under Lead Case No. 17-44721-BDL.

## JURISDICTION

7. Pursuant to 28 U.S.C. Section 1334(e), the United States District Court for the Western District of Washington has exclusive jurisdiction over this matter. Pursuant to 28 U.S.C. Section 157(a) and LCR 87, the District Court has referred to the bankruptcy judges of this district all cases under Title 11 and proceedings arising under Title 11 or arising in or related to a case under Title 11. This Court has jurisdiction over this Chapter 11 Case and this adversary proceeding pursuant to, among other things, the provisions of 28 U.S.C. §§ 157(a) and 1334, 11 U.S.C. §§ 105 and 1142, Federal Rule of Bankruptcy Procedure ("FRBP") 7001, and the local rules of the United States Bankruptcy Court for the Western District of Washington. This Court also has jurisdiction over this adversary proceeding, and this adversary proceeding constitutes an actual controversy between the parties, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a). Venue in this District for this adversary proceeding is proper pursuant to 28 U.S.C. § 1409(a).

COMPLAINT -2-

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

SMRH:4858124481.4

Case 11-41010-BDL    Doc 259    Filed 03/30/18    Ent. 03/30/18 13:39:59    Pg. 2 of 15

8. By order entered March 23, 2018 in the Olympia Entities' bankruptcy cases, this Court granted Noteholder relief from the automatic stay to bring this adversary proceeding. Noteholder consents to this Court entering orders and final judgment in this adversary proceeding.

**FACTS**

A. The Loans

9. On or about September 29, 2004, Merrill Lynch Mortgage Lending, Inc. ("Original Lender") loaned Debtor $43,257,500 under two loans (the "Loans"). The Loans are evidenced by a promissory note in the original principal face amount of $40,700,000 (the "A Note") and a promissory note in the original principal face amount of $2,557,500 (the "B Note", and collectively with the A Note, the "Notes"). The original maturity of the Notes was October 1, 2014.

10. As security for its obligations under the Notes, Debtor executed eleven Deeds of Trust with Security Agreement, Assignment of Leases and Rents and Fixture Filings, eight of which are still in effect (the "Deeds of Trust"). In the Deeds of Trust, Debtor granted the Original Lender a first priority lien on what are now eight office properties in Seattle, Wenatchee, and Lacey, Washington (the "Properties").[1] As further security, Debtor also executed Assignments of Leases and Rents and Security Deposits in favor of the Original Lender for each of the Properties (the "Assignments of Rents"). The Loans and the Notes are cross-defaulted and cross-collateralized.

11. On or about September 30, 2005 (recorded November 29, 2005), the Original Lender assigned the Loans to Wells Fargo Bank N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MCP1 Commercial Mortgage Pass-Through Certificates, Series 2005-MCP1 ("Wells Fargo") and U.S. Bank, N.A., as Successor-Trustee to LaSalle bank

---

[1] While there originally were eleven properties and eleven deeds of trust securing the Loans, three of the properties were sold and the corresponding deeds of trust reconveyed, leaving the Deeds of Trust and the Properties as defined herein.

COMPLAINT -3-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107
SMRH:4858124814

N.A., as Trustee for the benefit of the Certificate Holders of Commercial Mortgage Pass-Through Certificates, Series MCCMT 2004-C2D ("U.S. Bank").

B. <u>Debtor's Defaults Under the Loans, the Filing of This Bankruptcy, and the Plan</u>

12. Debtor defaulted under the Loans beginning in October 2010, when it stopped making payments on the B Note.

13. On February 10, 2011, Debtor filed the underlying bankruptcy case. On November 22, 2011, this Court confirmed Debtor's Plan of Reorganization (the "Plan").

14. Under the Plan, the Loans were restructured with revised monthly payment amounts and a new maturity date of October 17, 2017, but the Notes, Deeds of Trust and Assignments of Rents remained in effect pursuant to their terms, except with respect to the new payment amounts and maturity date:

> The Wells Fargo Claim will continue to be controlled by the existing loan documents applicable to the Wells Fargo Claim . . .

Plan, Section V, page 10, lines 8-9.

> The LaSalle Bank Claim will continue to be controlled by the existing loan documents applicable to the LaSalle Bank Claim . . .

Plan, Section V, page 11, lines 1-2.

15. The Plan also prohibits the Debtor from transferring the Properties unless contemporaneously therewith, Noteholder is paid in full on the Loans:

> The Reorganized Debtor may sell or refinance the Real Property, or any component thereof, at any time *if the proceeds of the sale or refinance are sufficient to pay all Allowed Claims in Classes 1-5* . . . (emphasis added).

Plan, Section VII(6), page 14, lines 10-12.

16. This prohibition on transfers was a substantial inducement to Noteholder to agree to the terms of the Plan, and an important component of the Plan. Noteholder relied on the prohibition on transfers in entering into the Plan.

17. The Deeds of Trust, which remained in force and effect under the Plan, also prohibit the transfer of the Properties without the prior written consent of Noteholder:

COMPLAINT -4-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:4858124481.4

> Borrower shall not Transfer, nor permit any Transfer, without the prior
> written consent of Lender, which consent Lender may withhold in its sole
> and absolute discretion.

Deed of Trust, Section 9.02. The definition of "Transfer" in the Deed of Trust contains no applicable exceptions and an outright conveyance of the Properties is a "Transfer".

18. The Plan also contains the following jurisdiction retention provisions:

> Following the Confirmation Date, the Bankruptcy Court shall retain
> jurisdiction over the Reorganized Debtor and the Assets until the Plan is
> fully consummated and an order closing the Case is entered by the
> Bankruptcy Court.[2] The Bankruptcy Court's retained jurisdiction shall
> give it authority to hear matters for purposes of administering the Plan,
> including without limitation: . . . 5. To issue orders in aid of execution of
> the Plan and to issue injunctions or take such other actions or make such
> other orders as may be necessary or appropriate to restrain interference
> with the Plan or its execution or implementation by any entity; . . . 8. To
> determine any disputes arising in connection with the interpretation,
> implementation, execution or enforcement of the Plan, the Confirmation
> Order, or any other order of the Bankruptcy Court; 9. To recover all
> Assets, wherever located.

Plan, Section XIV, pages 17-18.

C. <u>Debtor's Post-Bankruptcy Defaults Under the Loans, the Non-Judicial Foreclosure Proceedings, and the State Court Receivership Action</u>

19. After confirmation of the Plan, Debtor defaulted under the B Note in July 2013 and defaulted under the A Note in September 2015, by failing to make required payments under the Notes.

20. On March 11, 2016, Noteholder commenced non-judicial foreclosure proceedings of the Properties by mailing Notices of Default to Debtor.

21. In May, 2016, Noteholder filed a Petition to Appoint Custodial Receiver in Washington state court to, among other things, obtain the appointment of a receiver over the Properties (the "State Court Receivership Action").

---

[2] The underlying bankruptcy case was closed on February 15, 2012. In 2017, this Court reopened the underlying bankruptcy case.

COMPLAINT -5-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:4858124481.4

22. On May 19, 2016, the court in the State Court Receivership Action entered its Order Appointing Custodial Receiver, pursuant to which JSH Properties, Inc. (the "Receiver") was appointed receiver over the Properties (the "Receivership Order"). The Receivership Order reflects that Debtor "has failed to make monthly payments of principal and interest due under the Notes and the Loan Documents" (Receivership Order, paragraph 1.5) and Debtor "is in default under the terms of the Loan Documents" (Receivership Order, paragraph 1.6).

23. On or about July 1, 2016, based on Debtor's defaults under the Notes, Noteholder served (and subsequently recorded) Notices of Trustee's Sales with respect to the Properties (the "Notices of Sale"). Pursuant to the Notices of Sale, non-judicial foreclosure sales of the Properties were scheduled for October 21, 2016.

D. <u>Debtor's Violation of the Plan and the Deeds of Trust By Purporting to Transfer the Properties Per the Olympia Entities' Persuasion</u>

24. Eric D. Orse ("Orse") is Debtor's Manager and makes all decisions on behalf of Debtor.

25. On July 19, 2016, Orse's counsel received an email from an unknown individual named Kazu Yamaguchi indicating that he wished to purchase the membership interests in the Debtor for $100,000.

26. Over the next week, when counsel for Orse and Yamaguchi exchanged drafts of an agreement, they decided to restructure the transaction as a sale of the Properties instead of a sale of membership interests.

27. Notwithstanding that both the Plan and the Deeds of Trust explicitly prohibit Debtor from transferring the Properties unless Noteholder and Debtors' other creditors are paid in full from the proceeds of the transfer, on September 23, 2016, in direct violation of the clear and unambiguous provisions of the Plan and the Deeds of Trust, Debtor purported to transfer all of the Properties by Quitclaim Deeds (the "Quitclaim Deeds") to the Olympia Entities without notice to, or the consent of, Noteholder, and without paying the Notes in full.

COMPLAINT -6-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:4858124481.4
Case 11-41010-BDL    Doc 259    Filed 03/30/18    Ent. 03/30/18 13:39:59    Pg. 6 of 15

28. The Olympia Entities are four limited liability companies, as tenants in common: Seahawk, a Florida limited liability company (30% interest); Mariners, a Virginia limited liability company (10% interest); WA, a Delaware limited liability company (30% interest); and Olympia, a New York limited liability company (30% interest).

29. In fact, Debtor and the Olympia Entities actively concealed the purported transfer from Noteholder.

30. Debtor received a mere $100,000 from the Olympia Entities in exchange for the transfers, and is holding such funds.

31. The purported transfers of the Properties on September 23, 2016 were additional defaults under the Notes and the Loans, as well as violations of the Plan and the Deeds of Trust.

32. The Olympia Entities did not exist until the time of the purported transfers.

33. At the time the Olympia Entities received the purported transfers, the Olympia Entities maintained identical assets, had no assets other than the Properties and a few thousand dollars, had no employees, had no secured creditors besides Noteholder, and had no unsecured creditors other than professionals who engineered the purported transfers. The Olympia Entities' only office was their purported principal place of business, the personal residence of a lawyer in New York.

34. Orse and his counsel conducted no due diligence in connection with the purported transfers.

35. In fact, Noteholder is informed and believes that one of the ultimate owners of the Properties, Scott Switzer, had previously done business with CDC, gone through his own personal bankruptcy, and been investigated by the United States Trustee for bankruptcy fraud.

36. Moreover, Noteholder is informed and believes that the other ultimate owners of the Olympia Entities, Michael and Seth Pilevsky (and their family members), had engaged in questionable property acquisitions under fact patterns similar to the Olympia Entities' acquisition of the Properties.

COMPLAINT -7-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

SMRH:4858124811.4
Case 11-41010-BDL    Doc 259    Filed 03/30/18    Ent. 03/30/18 13:39:59    Pg. 7 of 15

37. In one instance regarding real property in New York called "Sutton", the lender alleged that the Pilevskys, who "were strangers to" the subject real estate project, intentionally and improperly induced breaches of contracts between a third party lender and third party borrower in a scheme to benefit themselves and obtain an interest in the project.

38. Orse and his counsel knew of the Plan's and the Deeds of Trusts' explicit prohibitions on transferring the Properties without fully repaying the Loans and the claims of Debtor's creditors, and explained his decision to make the purported transfers based on his understanding that all claims under the Plan (necessarily including the Loans) had been paid.

39. Yet Orse stated that (i) he purported to transfer the Properties with Noteholder's liens attached to them (if the Loans had been repaid, the liens would have been reconveyed), and (ii) he accepted only $100,000 as payment for the Properties because of "what the lender believes the balance [of the Loans] is and what I believe the balance is" – if the Loans had been repaid, there would have been no liens attached to the Properties at the time of the purported transfers, there would have been no balance, and the equity in the Properties would have been substantially more than $100,000. Orse's explanations are inconsistent.

40. Moreover, in connection with negotiating the agreement to transfer the Properties to the Olympia Entities with the Olympia Entities' counsel, the Olympia Entities also knew of the prohibition of the purported transfers.

41. Orse's counsel provided the Deeds of Trust and the Plan to the Olympia Entities' counsel.

42. In fact, prior to the proposed transfer of the Properties, Orse's counsel specifically identified to the Olympia Entities' counsel the prohibitions on transfer set forth in the Plan.

43. Orse and the Olympia Entities did not obtain Noteholder's consent to the proposed transfers, or provide Noteholder advance notice of the proposed transfers.

44. In fact, when the title company handling the proposed transfers noted the documentary prohibitions on transfer and asked the Olympia Entities' counsel whether the title

COMPLAINT -8-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

company should notify Noteholder, the Olympia Entities' counsel told the title company not to bring the proposed transfers to Noteholder's attention.

45. Further, because the title company would not record the Quit Claim Deeds without providing prior notice of the proposed transfers to Noteholder and assurances that the proceeds of the transfers would be sufficient to pay all of Debtor's claims, the Olympia Entities' counsel asked the title company to return the Quit Claim Deeds to the Olympia Entities and the Olympia Entities would record them, rather than notify Noteholder of the proposed transfers in advance thereof.

E.  Wells' and U.S. Bank's Assignment of the Loans to Noteholder

46. On October 18, 2016, by, among other things, Assignments of Deeds of Trust and Assignments of Assignment of Leases recorded October 19, 2016, Wells Fargo and U.S. Bank assigned the Loans to Noteholder.

F.  Current Status

47. On October 20, 2016, the day before the scheduled foreclosure of the Properties, Olympia filed bankruptcy in the Eastern District of New York. The remaining Olympia Entities filed bankruptcy in the Eastern District of New York shortly thereafter (collectively, the "EDNY Bankruptcies"). The EDNY Bankruptcies were dismissed in October, 2017. On October 17, 2017, the Notes and the Loans matured and remain outstanding.

48. After the EDNY Bankruptcies were dismissed, Noteholder rescheduled the foreclosures of the Properties.

49. On the eve of the rescheduled foreclosures, the Olympia Entities filed their second set of bankruptcy cases before this Court – the Pending Olympia Bankruptcies.

50. By order entered January 18, 2018 in the Pending Olympia Bankruptcies, this Court concluded that the Olympia Entities have no equity in the Properties, cannot confirm a plan without Noteholder's consent, and filed the Pending Olympia Bankruptcies in bad faith, and granted Noteholder relief from stay to proceed with the foreclosures of the Properties.

51. However, the Olympia Entities had filed litigation in the King County Superior Court to enjoin the foreclosures (the "Injunction Litigation"). After this Court granted Noteholder

COMPLAINT -9-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:4858124481.4

Case 11-41010-BDL    Doc 259    Filed 03/30/18    Ent. 03/30/18 13:39:59    Pg. 9 of 15

relief from the automatic stay to proceed with the foreclosure, while the King County Superior Court denied the Olympia Entities' motion for an injunction enjoining the foreclosures, the Washington Court of Appeal has granted discretionary appellate review of the denial of the injunction and stayed the foreclosures pending resolution of the appeal. The issue of a supersedeas bond pending appeal is currently before the King County Superior Court.

52. As of March 30, 2018, Noteholder is owed in excess of $47 million on the Notes and the Loans.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment - RCW 7.60.110(1)(c) – Against All Defendants)

53. Noteholder incorporates by reference as though set forth in full herein, paragraphs 1 through 52, inclusive.

54. Pursuant to RCW 7.60.110(1)(c):

> Except as otherwise ordered by the court, the entry of an order appointing a general receiver or a custodial receiver with respect to all of a person's property shall operate as a stay, applicable to all persons, of: . . . Any act to obtain possession of estate property from the receiver, or to interfere with, or exercise control over, estate property.

55. The Receiver's appointment under the Receivership Order was as a custodial receiver with respect to all of Debtor's property. At the time Debtor purported to transfer the Properties to the Olympia Entities, the Receivership Order was in effect.

56. Debtor's purported transfer of the Properties to the Olympia Entities was void and of no force or effect under RCW 7.60.110(1)(c).

57. This Court should issue a declaratory judgment that Debtor's purported transfer of the Properties to the Olympia Entities was void and of no force or effect under RCW 7.60.110(1)(c).

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment – Bankruptcy Code Section 1142 – Against All Defendants)

COMPLAINT -10-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

SMRH:4858124814

Case 11-41010-BDL    Doc 259    Filed 03/30/18    Ent. 03/30/18 13:39:59    Pg. 10 of 15

58. Noteholder incorporates by reference as though set forth in full herein, paragraphs 1 through 57, inclusive.

59. Pursuant to Bankruptcy Code Section 1142:

**(a)** Notwithstanding any otherwise applicable nonbankruptcy law, rule, or regulation relating to financial condition, the debtor and any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and shall comply with any orders of the court.

**(b)** The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

60. Debtor's purported transfer of the Properties to the Olympia Entities violated the Plan and therefore was void and of no force under Bankruptcy Code Section 1142.

61. This Court should issue a declaratory judgment that Debtor's purported transfer of the Properties to the Olympia Entities was void and of no force or effect under the Plan and Bankruptcy Code Section 1142.

### THIRD CLAIM FOR RELIEF

### (Reconveyance of Properties – Bankruptcy Code Sections 105 and 1142 – Against All Defendants)

62. Noteholder incorporates by reference as though set forth in full herein, paragraphs 1 through 61, inclusive.

63. The purported transfer of the Properties by Debtor to the Olympia Entities is voidable under the Plan. Under Bankruptcy Code Sections 105 and 1142, this Court should issue an injunction directing and ordering the Olympia Entities to reconvey the Properties to Debtor.

### FOURTH CLAIM FOR RELIEF

### (Intentional Fraudulent Transfer – RCW 19.40.041(1)(a) – Against All Defendants)

64. Noteholder incorporates by reference as though set forth in full herein, paragraphs 1 through 63, inclusive.

COMPLAINT -11-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:4858124814

Case 11-41010-BDL    Doc 259    Filed 03/30/18    Ent. 03/30/18 13:39:59    Pg. 11 of 15

65. On September 23, 2016, with knowledge of the restrictions on transfer in the Plan and the actual intent to hinder or delay Noteholder, who was and is a creditor of Debtor, Debtor transferred the Properties to the Olympia Entities.

66. The September 23, 2016 transfer of the Properties to the Olympia Entities was intended to hinder or delay Noteholder from exercising its rights and remedies, including its rights and remedies with respect to the Properties.

67. Debtor's transfer of the Properties to the Olympia Entities has six of the non-exclusive "badges of fraud" listed in RCW 19.40.041(2):

- The transfer was concealed from Noteholder.
- Before the transfer was made, Debtor had been sued.
- The transfer was of substantially all of Debtor's assets.
- The value of the consideration received by Debtor was not reasonably equivalent to the value of the assets transferred.
- Debtor was insolvent or became insolvent shortly after the transfer was made.
- The transfer occurred shortly after a substantial debt became due.

68. At the time of the transfer of the Properties by Debtor to the Olympia Entities, Noteholder was a creditor of Debtor.

69. Pursuant to RCW 19.40.041(1)(a), Debtor's transfer of the Properties to the Olympia Entities is an avoidable fraudulent transfer.

**FIFTH CLAIM FOR RELIEF**

**(Constructive Fraudulent Transfer – RCW 19.40.041(1)(b)(i) – Against All Defendants)**

70. Noteholder incorporates by reference as though set forth in full herein, paragraphs 1 through 69, inclusive.

71. Debtor did not receive reasonably equivalent value in exchange for the transfer of the Properties to the Olympia Entities.

COMPLAINT -12-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:4858124814

Case 11-41010-BDL    Doc 259    Filed 03/30/18    Ent. 03/30/18 13:39:59    Pg. 12 of 15

72. At the time of the transfer of the Properties to the Olympia Entities, Debtor was engaged in a business for which the remaining assets were unreasonably small in relation to the business.

73. At the time of the transfer of the Properties by Debtor to the Olympia Entities, Noteholder was a creditor of Debtor.

74. Pursuant to RCW 19.40.041(1)(b)(i), Debtor's transfer of the Properties to the Olympia Entities is an avoidable fraudulent transfer.

## SIXTH CLAIM FOR RELIEF

### (Constructive Fraudulent Transfer – RCW 19.40.041(1)(b)(ii) – Against All Defendants)

75. Noteholder incorporates by reference as though set forth in full herein, paragraphs 1 through 74, inclusive.

76. Debtor did not receive reasonably equivalent value in exchange for the transfer of the Properties to the Olympia Entities.

77. At the time of the transfer of the Properties to the Olympia Entities, Debtor had incurred debts beyond its ability to pay as they became due.

78. At the time of the transfer of the Properties by Debtor to the Olympia Entities, Noteholder was a creditor of Debtor.

79. Pursuant to RCW 19.40.041(1)(b)(ii), Debtor's transfer of the Properties to the Olympia Entities is an avoidable fraudulent transfer.

## SEVENTH CLAIM FOR RELIEF

### (Constructive Fraudulent Transfer – RCW 19.40.051(1) – Against All Defendants)

80. Noteholder incorporates by reference as though set forth in full herein, paragraphs 1 through 79, inclusive.

81. Debtor did not receive reasonably equivalent value in exchange for the transfer of the Properties to the Olympia Entities.

82. At the time of the transfer of the Properties to the Olympia Entities, Debtor was insolvent or became insolvent as a result of the transfer.

COMPLAINT -13-

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

SMRH:4858124811.4

Case 11-41010-BDL    Doc 259    Filed 03/30/18    Ent. 03/30/18 13:39:59    Pg. 13 of 15

83. At the time of the transfer of the Properties by Debtor to the Olympia Entities, Noteholder was a creditor of Debtor.

84. Pursuant to RCW 19.40.051(1), Debtor's transfer of the Properties to the Olympia Entities is an avoidable fraudulent transfer.

## EIGHTH CLAIM FOR RELIEF

### (Breach of Contract – Deeds of Trust – Against Debtor)

85. Noteholder incorporates by reference as though set forth in full herein, paragraphs 1 through 84, inclusive.

86. Debtor breached the Deeds of Trust when Debtor purported to transfer the Properties to the Olympia Entities.

87. As a result of Debtor's breach of the Deeds of the Deeds of Trust, Noteholder suffered damages in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF

### (Breach of Contract – Plan – Against Debtor)

88. Noteholder incorporates by reference as though set forth in full herein, paragraphs 1 through 87, inclusive.

89. Debtor breached the Plan when Debtor purported to transfer the Properties to the Olympia Entities.

90. As a result of Debtor's breach of the Plan, Noteholder suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Noteholder requests that this Court enter a Judgment against Defendants (except for D., which applies only to Debtor) as follows:

A. A declaratory judgment that the purported transfer of the Properties by Debtor to the Olympia Entities is void on its face and of no force or effect under RCW 7.60.110(1)(c), Bankruptcy Code Section 1142, and the Plan.

COMPLAINT -14-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

SMRH:4858124814

Case 11-41010-BDL    Doc 259    Filed 03/30/18    Ent. 03/30/18 13:39:59    Pg. 14 of 15

| | |
|---|---|
| 1 | B. An injunction under Bankruptcy Code Sections 105 and 1142 directing the |
| 2 | Olympia Entities to reconvey the Properties to Debtor, and enjoining Debtor from further |
| 3 | transferring the Properties. |
| 4 | C. Avoiding, pursuant to RCW 19.40.071, as a fraudulent transfer under RCW |
| 5 | 19.40.041(1)(a), (1)(b)(i), (1)(b)(ii), and 19.40.051(1), the transfer of the Properties from Debtor to |
| 6 | the Olympia Entities and an injunction against further disposition by Debtor of the Properties. |
| 7 | D. A monetary judgment against Debtor in an amount to be proven at trial for |
| 8 | Noteholder's damages arising out of Debtor's breaches of the Deeds of Trust and the Plan. |
| 9 | E. Awarding attorneys' fees and costs to Noteholder as provided by law. |
| 10 | F. Awarding to Noteholder such other and further relief as is just and equitable. |

DATED this 30th day of March, 2018.

LANE POWELL PC

By  /s/ Charles R. Ekberg
Charles R. Ekberg, WSBA No. 00342
James B. Zack, WSBA No. 48122

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Alan M. Feld
Alan M. Feld, Cal. Bar No. 155345*
afeld@sheppardmullin.com
Theodore A. Cohen, Cal. Bar No. 151427*
tcohen@sheppardmullin.com

333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: 213-620-1780
Facsimile: 213-620-1398
*Admitted Pro hac vice

Attorneys for MLMT 2005-MCP1 Washington Office Properties, LLC

COMPLAINT -15-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

SMRH:4858124814

Case 11-41010-BDL    Doc 259    Filed 03/30/18    Ent. 03/30/18 13:39:59    Pg. 15 of 15